J-S11035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANJOHNITO WILLET, | : | |
| | : | |
| Appellant | : | No. 1276 WDA 2019 |

Appeal from the PCRA Order Entered June 30, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001222-2014

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 09, 2020**

Anjohnito Willet ("Willet"), *pro se*, appeals from the Order denying his first Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm in part, and vacate and remand in part.

On direct appeal, this Court set forth the history underlying the instant appeal as follows:

> On November 13, 2013, as four students were leaving Brashear High School in Pittsburgh, Pennsylvania, shots rang out from a hill in the woods across the street from the school.  Two of the students sustained head wounds from the shooting.  The injured students were able to retreat back into the school as police responded to the scene.  An eyewitness reported seeing a male wearing a red hooded sweatshirt on the hill across from Brashear High School, watching students running away.  Upon further investigation, police learned that the targeted students had been involved in a physical altercation with [Willet] a month prior to the incident[,] and [Willet] told a security guard that he was going to come back and shoot one of them.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Investigating officials were dispatched to a duplex building, in the Beechview section of Pittsburgh, to execute a search warrant where [Willet] was thought to reside. Police arrested [Willet] and interviewed him along with two other men, Antoine Lewis [("Lewis")] and Tyron Harris [("Harris")], who were with [Willet] before and after the shootings and were at the duplex when police arrived. [Willet] and Harris lived next door to each other in the duplex. Lewis had been living with Harris. Harris told police that he and [Willet] walked through the woods towards Brashear High School around dismissal time on the day of the incident and that he witnessed [Willet] fire shots towards students. Lewis told police that, after the shooting, [Willet] and Harris asked him to dispose of a gun and bullet magazine wrapped in a towel. Lewis told police that he put the gun and magazine into a book bag and took it to his great grandmother's house. At trial, however, Harris and Lewis recanted their statements to police.

The following evidence was also adduced at trial. Police conducted tests on [Willet], Lewis, and Harris for gunshot residue shortly after the shooting. All three men tested positive, but only [Willet] had traces of residue on both of his hands. Upon executing the search warrant at the duplex, police recovered evidence that [Willet] resided in a bedroom on one side of the duplex. From that bedroom, they recovered eight .357 caliber bullets in a bag next to the bed. On the other side of the duplex, Harris'[s] residence, police recovered two red hooded sweatshirts, two smartphones, brass knuckles, ten packets of heroin, and an unfired .22 caliber bullet. Upon analyzing one of the recovered cellular telephones, police discovered photos of one of the shooting victims taken hours before a physical altercation that occurred in October 2013 and 23 photos of [Willet], including a "selfie." There was only one contact listed on that phone and it was for Harris. At trial, the Commonwealth entered the telephone into evidence and police testified that they believed it belonged to [Willet]. Police also recovered a book bag from the residence where Harris'[s] great-grandmother lived. The bag contained a .357 magnum Ruger revolver and a magazine containing .22 caliber bullets. Finally, police recovered three .22 caliber bullets from the shooting victims. At trial, the Commonwealth presented a firearm expert who opined that all of the bullets recovered from the victims were fired from the same gun, but that it was not possible to fire a .22 caliber bullet from a .357 magnum firearm.

*Commonwealth v. Willet*, 183 A.2d 1095 (Pa. Super. 2018) (unpublished memorandum at 1-4).

The PCRA court summarized what next transpired as follows:

> On February 2, 2016, a jury convicted [Willet] of one count of [c]riminal [a]ttempt-[h]omicide, three counts of [a]ggravated [a]ssault, one count of possession of a firearm by a minor, and four counts of recklessly endangering another person ("REAP").[FN] On May 4, 2016, [the trial court] sentenced [Willet] to an aggregate term of incarceration of twelve to thirty years with two years of probation consecutive to confinement. The Superior Court of Pennsylvania affirmed the judgment of sentence on January 30, 2018. [*See id.*] Next, [Willet] filed a *pro se* PCRA Petition on January 29, 2019. Appointed counsel filed a *Turner*/*Finley*[2] "no merit" letter[. The PCRA court issued Pa.R.Crim.P. 907 Notice of its intent to dismiss the PCRA Petition without a hearing. Willet, *pro se*, filed a Response to the Notice raising additional issues. On July 31, 2019, the PCRA court dismissed Willet's PCRA Petition and granted counsel's request to withdraw from representation. Willet] filed a Notice of Appeal on August 16, 2019[,] and a Concise Statement of Errors Complained of on Appeal on September 9, 2019.

---

2 *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). As this Court has explained,

> [c]ounsel petitioning to withdraw from PCRA representation must proceed … under *Turner* … and *Finley* … and … must review the case zealously. *Turner*/*Finley* counsel must then submit a 'no-merit' letter to the [PCRA] court … detailing the nature and extent of counsel's diligent review of the case, listing the issues which [the petitioner] wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted)

[FN] [*See*] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 6110.1(a), 2705, respectively. [Willet] was found not guilty on two other counts of Criminal Attempt-Homicide.

PCRA Court Opinion, 10/17/19, at 1 (one footnote added, some capitalization omitted).

Willet presents the following claims for our review:

1. Did the Commonwealth [fail] to prove a "*prima facie*" case, due to the fact that the arrest [of Willet] was unlawful and unsupported by probable cause?

2. Was [t]rial counsel ineffective when he [failed] to preserve for [a]ppellate review, [the] statements and testimony of … Harris, that established no evidence for a verdict of guilty by [the] jury?

3. Was trial/appellate counsel ineffective when he [failed] to file a [] motion to suppress the evidence and testimony of [Pittsburgh Police] Detective[]s [Cynthia] Smith [("Detective Smith")], [Wade] Sarver [("Detective Sarver")] and Sauko[3] [("Detective Sauko")], as well as the Commonwealth's witness[,] … Harris?

4. Was trial/appellate counsel ineffective when he [failed] to file to request and/or present accomplice liability on Commonwealth's witnesses [] Harris and [] Lewis?

5. Was trial/appellate counsel ineffective for his failure to support evidentiary claims with any legal authority on those claims, which violated Pa.R.A.P. 2119(a), which states that [the] failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review?

6. Was pretrial/trial/appellate counsel[] ineffective for their failure to request [an] evidentiary hearing for the recantation of Commonwealth's witness [] Harris's testimony?

---

3 The first name of Detective Sauko is not available.

7. Was PCRA counsel ineffective for his [failure] to amend [Willet's] PCRA [P]etition for his claims stated in [the first through sixth issues] that were meritorious?

Brief for Appellant at 2 (footnote added, some capitalization omitted).

When reviewing an order entered in a PCRA proceeding,

we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Willet first claims that the Commonwealth failed to establish a *prima facie* case, due to the fact that his arrest was unlawful and not supported by probable cause. Brief for Appellant at 6. Willet argues that at the preliminary hearing, the trial court relied upon the testimony of Police Homicide Detective Timothy Nutter ("Detective Nutter"). *Id.* According to Willet, Detective Nutter testified regarding Harris's out-of-court statements, and relied upon those statements to establish probable cause to arrest Willet. *Id.* Willet states that at his preliminary hearing, counsel cross-examined Detective Nutter regarding Harris's statements, which constituted hearsay and "second-hand-information." *Id.* Willet directs our attention to Pa.R.E. 703, which does not

- 5 -

permit an expert to offer an opinion based upon testimonial hearsay.[4] *Id.* at 7. Willet argues that the hearsay testimony was not sufficient to establish a *prima facie* case against him. *Id.* at 8. Therefore, Willet argues that this Court should remand for an arrest of judgment. *Id.*

In its Opinion, the PCRA court deemed this claim to be waived, based upon Willet's failure to preserve this issue before the trial court, and his failure to raise the issue on direct appeal. *See* PCRA Court Opinion, 10/17/19, 3-4; *see also Commonwealth v. Spotz*, 47 A.3d 63, 101 (Pa. 2012) (stating that allegations of error that have been waived are not cognizable under the PCRA). We agree, and affirm the PCRA court's resolution of this claim on this basis. *See id.*

We additionally observe that Pa.R.Crim.P. 542(E), applicable to preliminary hearings, provides that

> [h]earsay[,] as provided by law[,] shall be considered by the issuing authority in determining whether a *prima facie* case has been established. Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.

Pa.R.Crim.P. 542(E). Further, in *Commonwealth v. McClelland*, 165 A.3d 19 (Pa. Super. 2017), *appeal granted* 179 A.3d 2 (Pa. 2018), this Court concluded that due process rights were not violated by a preliminary hearing

---

[4] It does not appear that Detective Nutter testified as an expert witness.

at which only hearsay evidence was presented. *Id.* at 32. Thus, Willet is not entitled to relief on this basis as well. *See id.*

In his second through seventh claims, Willet asserts that all prior counsel rendered ineffective assistance. Before addressing these claims, we are cognizant that counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted).

In his second claim, Willet argues that his trial counsel rendered ineffective assistance by failing to preserve for appellate review his challenges to the statements and testimony of Harris. Brief for Appellant at 8. Willet claims that his trial counsel, who also represented Harris on direct appeal, should have claimed a violation of the United States Constitution's Sixth Amendment in his post-sentence Motion, and his appellate counsel should have briefed this issue on appeal. *Id.*

In his appellate brief, Willet does not explain or develop his claim of a violation of his Sixth Amendment right to counsel. "A constitutional claim is not self-proving, and we will not attempt to divine an argument on [an a]ppellant's behalf." *Commonwealth v. Spotz*, 18 A.3d 244, 282 (Pa. 2011). Because Willet failed to develop this claim, we are unable to afford him relief.[5] *See id.*

In his third through sixth claims, Willet asserts ineffective assistance of counsel for failing to file a requested pretrial suppression motion; failing to file and/or present a claim regarding the status of Harris and Lewis as accomplices and "polluted" sources regarding their prior statements; not developing his evidentiary claims on direct appeal with argument and citation to legal authority; and failing to request an evidentiary hearing regarding the recantation of Harris's testimony. Brief for Appellant at 10-18. In his seventh claim, Willet argues that his PCRA counsel rendered ineffective assistance by not amending his PCRA Petition to include these claims. *Id.* at 17.

In its Opinion, the PCRA court addressed these claims as follows:

[Willet] alleges that counsel was ineffective for failing to file a motion to suppress the testimony of Detectives Smith, Sarver and Sauko, as well as the witness[, ] Harris. This claim, and each of [Willet's] remaining claims, have not been raised by the initial PCRA [Petition,] or addressed in the *Turner*/*Finley* letter. The

---

[5] To the extent that the PCRA court addressed a claim regarding the recantation testimony of Harris, we agree with and adopt its determination that Willet failed to demonstrate prejudice resulting from counsel's alleged ineffectiveness. *See* PCRA Court Opinion, 10/17/19, at 4-5.

first mention of these issues occurs in the *pro se* document[,] "Rebuttal Petition to the Notice of Intent to Dismiss in accordance with Procedure [*sic*] 907," ("Rebuttal Petition") wherein [Willet alleges that PCRA counsel should have amended the PCRA Petition to include these claims of error. As these issues were not properly brought before this [c]ourt via an amended PCRA, [the PCRA court] initially believed these claims should be waived. "The assertion of a new claim after the court heard argument and indicated its intent to dismiss the petition militates in favor of the decision to deny leave to amend." ***Commonwealth v. Williams***, 732 A.2d 1167, 1191 (Pa. 1999).

However, [the PCRA court] is now persuaded that the better course of action would have been to permit the PCRA Petition to be amended, in accordance with the liberal standard of Pa.R.Crim.P. 905(A).

The only option available to this Court, at this juncture, is to remand this case back to the PCRA court, so that the court may consider [the appellant's] motion for leave to amend in accord with the liberal standard of Rule 905(A).

***Commonwealth v. Crispell***, 193 A.3d 919, 930 (Pa. 2018). Since appointed counsel did not address the issues in his ***Turner***/***Finley*** letter, this [c]ourt believes that a remand to address these remaining issues is in order.

PCRA Court Opinion, 10/17/19, at 5.

We agree with the PCRA court's reasoning. Willet has presented claims that, if frivolous, should have been included and addressed in PCRA counsel's no-merit letter. If the issues were not frivolous, counsel should have filed an amended PCRA petition on Willet's behalf. Consequently, we reverse the Order of the PCRA court, which granted counsel leave to withdraw and dismissed Willet's PCRA Petition without a hearing. We remand the matter so that present counsel may either file an amended PCRA petition addressing the

additional claims raised by Willet, or to file a new *Turner*/*Finley* no-merit letter addressing the additional claims raised by Willet.

Order affirmed in part and vacated in part. Case remanded for further proceedings in accordance with this Memorandum. The Prothonotary is directed to remand the certified record to the PCRA court. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2020